IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 77723-8-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| MARIA GONZALES ESQUIVEL | |
| Appellant. | FILED: April 22, 2019 |

CHUN, J. — The trial court imposed a 13-year no-contact order on Maria Gonzales Esquivel with respect to her daughter, E.G., and an indeterminate life sentence for her second degree rape conviction. We conclude the trial court imposed a reasonably necessary no-contact order to protect E.G. and affirm as to that decision. The State properly concedes the sentencing error, which requires remand for entry of a determinate sentence.

I.
BACKGROUND

A jury convicted Esquivel of one count of assault in the first degree, three counts of second degree assault, and one count of rape in the second degree, with all counts domestic violence-related. The jury also found the aggravating factors of an ongoing pattern of psychological, physical, or sexual abuse of the same victim or multiple victims; deliberate cruelty; destructive and foreseeable impact on persons other than the victim; the offenses occurred within sight or sound of a minor child of the victim or offender; and the defendant's use of

position of trust to facilitate the offense. The convictions stemmed from a lengthy campaign of physical and mental abuse of members of the Chagoya family while they lived in Esquivel's home.

The court sentenced Esquivel to consecutive exceptional statutory maximum sentences on all counts. This included a term of life for the first degree assault and minimum and maximum terms of life for the second degree rape.

In addition to lifetime no-contact orders to protect all members of the Chagoya family, the court imposed a 20-year no-contact order for Esquivel's daughter, E.G., who was 11 years old at the time of trial. State v. Esquivel, No. 73411-3-I, (Wash. Ct. App. Mar. 6, 2017) (unpublished) http://www.courts.wa.gov/opinions/pdf/734113.pdf. E.G. testified that while in her bedroom, she frequently heard sounds of violence and members of the Chagoya family screaming. Esquivel, No. 73411-3-I, slip op. at 5. While listening to the beatings, E.G. feared she might end up like the Chagoyas. Esquivel, No. 73411-3-I, slip op. at 6. E.G. also testified she witnessed Esquivel hitting members of the Chagoya family. Esquivel, No. 73411-3-I, slip op. at 6.

Esquivel appealed her convictions, alleging prosecutorial misconduct. Esquivel, No. 73411-3-I, slip op. at 7. She also appealed the 20-year no-contact order for E.G. and the life sentence for the first degree assault conviction. Esquivel, No. 73411-3-I, slip op. at 10-11.

The State conceded that the trial court erroneously imposed an indeterminate life sentence for the first degree assault conviction, rather than a determinate sentence as required under the Sentencing Reform Act (SRA).

2

Esquivel, No. 73411-3-I, slip op. at 13. This court remanded for correction of this sentencing error. Esquivel, No. 73411-3-I, slip op. at 14.

Additionally, this court remanded for further proceedings related to the no-contact order for E.G. We concluded, "The evidence in this case clearly supported the imposition of a no-contact order as to E.G. But the mere fact that E.G. was a victim of Esquivel's offenses does not justify a no-contact order of any length." Esquivel, No. 73411-3-I, slip op. at 13. We noted that the scope and duration of the no-contact order must be reasonably necessary to protect the State's interests. Esquivel, No. 73411-3-I, slip op. at 13. Because the trial court did not provide a reason for the duration of the no-contact order, we remanded the case for the trial court to address the no-contact order in light of the "reasonably necessary" standard. Esquivel, No. 73411-3-I, slip op. at 13.

On remand, the trial court corrected the sentencing error on the first degree assault conviction with a 480 month exceptional sentence. At that time, the State also requested the trial court resentence Esquivel on the second degree rape conviction with the same error. While Esquivel did not appeal the second degree rape conviction, the State hoped to preclude a future appeal due to the indeterminate life sentence issue. Esquivel requested an exceptional downward sentence but otherwise objected to resentencing on the rape conviction. The trial court denied the State's request to resentence on the rape conviction.

On the issue of the duration of the no-contact order with E.G., the State presented information from E.G.'s father that E.G. had struggled to adjust to her

new life with her father and had behavior issues at home and at school from the trauma she had endured. According to her father, E.G. had only recently experienced positive returns from counseling to help her cope with the trauma. At age 14, E.G.'s father believed her too young to know the details of her mother's actions or have contact with Esquivel. As a result, E.G.'s father requested the court continue the 20-year no-contact order, but allow E.G. to have input as to whether she wanted contact with Esquivel at 21 years of age.

The trial court imposed a no-contact order until E.G. was 27 years old, resulting in a duration of 13 years.[1] In reaching this decision the trial court informed Esquivel:

> I appreciate that you think that you are a good parent, but I heard the testimony. This trial was four months. I saw all the pictures. And the State's, in my opinion, probably their best witness was your daughter who described what happened in the household. And she clearly was a victim of mental abuse. So, I will impose a No Contact Order until she's 27 years old because the research would indicate that that's when she'll reach maturity in terms of brain development. If she wants to contact you before once she's 21, she or her attorney can ask me for relief and I'll consider it.

The trial court incorporated E.G.'s ability to petition for lifting of the no-contact order at age 21 into the judgment and sentence. The trial court noted E.G. could petition to lift the no-contact order anytime, "but I doubt that I'm going to consider it before that age."

Esquivel now appeals the no-contact order as to E.G. and the indeterminate life sentence for the second degree rape conviction.

---

[1] Esquivel contends the trial court imposed a 20-year no-contact order for E.G. She is incorrect. The trial court imposed the no-contact order until E.G. is 27 years old. Because E.G. was 14 at the time of resentencing, the no-contact order had a duration of 13 years.

II.
ANALYSIS

A. Indeterminate Sentence

Esquivel argues the trial court exceeded its statutory authority by imposing a minimum term of life for the second degree rape conviction. The State concedes the trial court improperly imposed an indeterminate sentence. We accept this concession and remand for the trial court to enter a determinate sentence for the rape conviction.

B. No-Contact Order

Esquivel again appeals the duration of the no-contact order for E.G. as a violation of her fundamental right to parent. The State argues this crime-related prohibition is reasonably necessary to protect E.G. from further harm. We agree with the State.

As part of a sentence, the court may impose "crime-related prohibitions" that prohibit conduct "that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.505(9); RCW 9.94A.030(10). "The fundamental right to parent can be restricted by a condition of a criminal sentence if the condition is reasonably necessary to prevent harm to the children." State v. Ancira, 107 Wn. App. 650, 654, 27 P.3d 1246 (2001). While parents have a fundamental interest in the care, custody, and control of their children, the State has a compelling interest in protecting children from physical or mental harm. Ancira, 107 Wn. App. at 653-54.

Appellate courts review crime-related prohibitions for abuse of discretion. In re Pers. Restraint of Rainey, 168 Wn.2d 367, 374, 229 P.3d 686 (2010).

However, conditions that interfere with a fundamental constitutional right, such as the right to parent, require more careful review. Rainey, 168 Wn.2d at 374. "Such conditions must be 'sensitively imposed' so that they are 'reasonably necessary to accomplish the essential needs of the State and public order.'" Rainey, 168 Wn.2d at 374 (quoting State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008)). In addition, the duration of the restriction must also be reasonably necessary. Rainey, 168 Wn.2d at 381.

In this case, this court previously noted, the evidence "clearly supported the imposition of a no-contact order as to E.G." Esquivel, No. 73411-3-I, slip op. at 13. We remanded the issue for the trial court to address the basis for the 20 year duration of the no-contact order. Esquivel, No. 73411-3-I, slip op. at 13. The trial court heeded this directive and specifically addressed the issue of duration during resentencing.

The trial court noted that E.G. had testified at trial and had clearly been a victim of Esquivel's mental abuse. The trial court then issued a no-contact order to apply to E.G. until 27 years old, "because the research would indicate that that's when she'll reach maturity in terms of brain development." This reference to E.G.'s maturity echoes the request of both E.G.'s father and the State to continue the no-contact order until E.G. became more mature. Thus, the trial court imposed a no-contact order of a duration reasonably necessary to protect E.G. until she was mature enough to learn of, and cope with, the full extent of her mother's crimes.

6

Furthermore, the trial court considered and allowed for a less restrictive alternative to the 13-year no-contact order. E.G. may petition the court to lift the restriction before age 27. As a result, the no-contact order is significantly less restrictive than the 20-year or "lifetime" no-contact order Esquivel claims the court imposed. In light of the violence witnessed and mental abuse suffered by E.G., the trial court's no-contact order was "sensitively imposed" and reasonably necessary to protect E.G. until such time as she has the maturity to cope with her mother's crimes.

We conclude the court did not abuse its discretion in imposing the no-contact order with E.G. Therefore, we remand only for correction of the sentence for second degree rape.

We affirm in part, and remand only for correction of the sentence for second degree rape.

_Chun, J._

WE CONCUR:

_Mann, J._                    _Appelwick, C.J._